CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 1 0 2006

JOHN F CORCORAN, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL ALLEN DOWDY, JR., ) | |
|     Plaintiff, ) | Civil Action No. 7:06CV00285 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| SOUTHWEST VIRGINIA REGIONAL ) | By Hon. Glen E. Conrad |
| JAIL, ABINGDON FACILITY, ) | United States District Judge |
|     Defendant. ) | |

The plaintiff, Michael Allen Dowdy, Jr., a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that the plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).*

## Background

The plaintiff is presently incarcerated at the Southwest Virginia Regional Jail in Abingdon, Virginia. The plaintiff alleges that he failed to receive one of his meal trays on March 30, 2006, and that an officer at the jail told him there was nothing that could be done about it. The plaintiff also alleges that although he requested grievance forms after he missed the meal, he did not receive an answer until April 1, 2006.

## Discussion

In order to state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v.

---

* Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

Atkins, 487 U.S. 42, 48 (1988). Having reviewed the plaintiff's allegations, the court concludes that the plaintiff has failed to allege facts sufficient to establish a violation of his constitutional rights.

To the extent the plaintiff's allegations regarding the missed meal can be construed to assert a living conditions claim under the Eighth Amendment, the plaintiff's allegations are without merit. While the Eighth Amendment protects inmates from cruel and unusual living conditions, inmates are not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In order to state a claim of constitutional significance, an inmate must allege facts which show that he has sustained a "serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). An inmate must also allege facts which show that prison officials acted with deliberate indifference. Id. at 1379. Applying these principles to the plaintiff's allegations, the court concludes that his allegations are legally insufficient. The plaintiff does not allege that jail officials have seriously deprived him of other meals, or that he has suffered any adverse physical or mental effects from not receiving his meal tray on March 30, 2006. See White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) (dismissing the plaintiff's claim that he only received two meals on weekends and holidays, since he made "no suggestion of any deleterious physical or mental effects from this meal schedule.").

The plaintiff's allegations regarding the jail's delayed response to his requests for grievance forms are also insufficient to state a claim upon which relief may be granted. It is well established that inmates do not have a constitutionally protected right to a grievance procedure.

Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, because a state grievance procedure does not confer any substantive rights upon inmates, an official's failure to comply with the grievance procedure is not actionable under § 1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

For the reasons stated, the plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

ENTER: This 10th day of May, 2006.

/s/ Glen Conrad
United States District Judge